IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00264-PAB

EDNA CORDOVA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

    Defendant.

---

**ORDER**

---

This matter comes before the Court on plaintiff Edna Cordova's complaint [Docket No. 3] filed on February 9, 2010. Plaintiff, through counsel, seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for disability insurance benefits and supplemental security income under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

**I. BACKGROUND**

Plaintiff applied for disability benefits on June 13, 2006. She claimed that she was unable to work due to disability beginning on December 15, 2004. On January 18, 2007, plaintiff's claim was initially denied and, after a September 13, 2007 hearing, again denied in a decision by an Administrative Law Judge ("ALJ") dated December 3, 2007. *See* R. at 19. In his decision, the ALJ found that plaintiff had "the following severe impairments: arthritis of the hands, feet, hips and arms, fibromyalgia, carpal

tunnel syndrome, and disorders of the cervical spine." R. at 14 (citing 20 C.F.R. § 404.1520(c)). The ALJ determined, however, that these impairments, alone or in combination, did not meet one of the listed impairments in the regulations. *See* R. at 14. The ALJ concluded that plaintiff retained the residual functional capacity ("RFC") to "perform the full range of light work." R. at 15. Based upon these findings and the application of the Medical-Vocational Guidelines, the ALJ found that, although plaintiff could not perform her past relevant work, *see* R. at 18, she could perform jobs existing in significant numbers in the national economy. *See* R. at 18-19. Therefore, the ALJ found that plaintiff was "not under a disability, as defined in the Social Security Act, from December 15, 2004, through the date of this decision." R. at 19 (citing 20 C.F.R. § 404.1520(g)). On December 10, 2009, the Appeals Council denied plaintiff's request for review of this denial, making the the ALJ's decision the final decision of the Commissioner. *See* R. at 3.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2).

Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §

404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C. Plaintiff's Objections to the ALJ Decision

In her appeal, plaintiff argues, *inter alia*, that the ALJ erroneously applied the Medical Vocational Guidelines (the "grids"), *see* 20 C.F.R. pt. 404, subpt. P, app. 2, at step five of the evaluation process to determine that she was not disabled. The grids

consist of tables addressing whether a claimant is disabled based upon an RFC category (e.g., sedentary, light) as well as claimant's age, education, and work experience.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2.  Here, the ALJ concluded that plaintiff could do the full range of light work and, considering her age, education, and work experience, that she was not disabled, relying conclusively upon Rules 202.21 and Rule 202.14 of the grids.  *See* R. at 19.

"[A]n ALJ may not rely conclusively on the grids unless he finds . . . that the claimant has no significant nonexertional impairment," *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993), because "the grids take into account only exertional or strength [limitations]." *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir.1987).  Pain and "manipulative or postural limitations" constitute nonexertional limitations.  *See Spaulding v. Astrue*, 379 F. App'x 776, 778 (10th Cir. 2010) .  Here, the ALJ conclusively relied upon the grids despite having concluded at step two of the evaluation process that plaintiff suffered from the following severe impairments: "arthritis of the hands, feet, hips and arms, fibromyalgia, carpal tunnel syndrome, and disorders of the cervical spine."  R. at 14.

This finding at step two is inconsistent with the application of the grids.  For example, having found her fibromyalgia[1] constituted a severe impairment at step two, the ALJ was not free to ignore it when assessing her RFC.  *See Sandoval v. Barnhart*, 197 F. App'x 801, 803 (10th Cir. 2006) ("The ALJ recognized Mr. Sandoval's back pain

---

[1] *See Duncan v. Apfel*, 1998 WL 544353, at *2 (10th Cir. Aug. 26, 1998) ("Fibromyalgia is defined as a syndrome of pain in the fibrous tissues, muscles, tendons, ligaments, etc.") (citing The Merck Manual of Diagnosis & Therapy, at 1369 (Robert Berkow & Andrew J. Fletcher eds., 16th ed. 1992)).

as a severe impairment at step two . . . . The ALJ's step-two finding makes it impossible to conclude at step four that Mr. Sandoval's pain was insignificant. The ALJ therefore erred by relying conclusively on the grids."); *Duncan*, 1998 WL 544353, at *2 ("We note the inconsistency of finding that a pain syndrome is severe at step two and insignificant at step five."). Although the ALJ did not fully credit plaintiff's statements regarding the severity of her symptoms, *see* R. at 17, that does not equate with the nonexistence of those symptoms or render them irrelevant to the determination of plaintiff's RFC. *Cf. Duncan*, 1998 WL 544353, at *2 ("The ALJ . . . appears to have considered primarily whether plaintiff's pain was totally disabling and to have given short shrift to the possibility that it was significant even if not disabling."). This failure to consider at steps four and five the nonexertional limitations found at step two constitutes reversible error.

Because the ALJ will have the opportunity upon remand to consider all of plaintiff's severe and non-severe impairments[2] and address plaintiff's allegations of error regarding reliance on the consultative examiner's opinion, the Court need not reach plaintiff's other objections to the ALJ's decision.

---

[2] *See* 20 C.F.R. § 404.1520(e) ("If your impairment(s) does not meet or equal a listed impairment, we will assess and make a finding about your residual functional capacity based on all the relevant medical and other evidence in your case record, as explained in § 404.1545."); 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' as explained in §§ 404.1520(c), 404.1521, and 404.1523, when we assess your residual functional capacity.").

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the December 3, 2007 decision of the Commissioner that plaintiff was not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED June 27, 2011.

BY THE COURT:


 s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge