IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00264-PAB

EDNA CORDOVA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter comes before the Court on plaintiff Edna Cordova's motion for attorney's fees [Docket No. 38] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Carolyn W. Colvin (the "Commissioner") opposes [Docket No. 39]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)).

"[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . ., unless the court finds that the position of the United

States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the ALJ "conclusively relied upon the grids" despite having concluded at step two of the evaluation process that plaintiff suffered from the following severe nonexertional impairments: arthritis of the hands, feet, hips and arms, fibromyalgia, carpal tunnel syndrome, and disorders of the cervical spine. *Cordova v. Astrue*, No. 10-cv-00264-PAB, 2011 WL 2533591, at *3 (D. Colo. June 27, 2011). The Court stated that, "having found [plaintiff's] fibromyalgia constituted a severe impairment at step two, the ALJ was not free to ignore it when assessing her [residual functional capacity ("RFC")]."[2] *Id*.

The Social Security regulations provide that, where "one of the findings of fact

---

[1] The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

[2] The ALJ found that plaintiff's RFC permitted her to perform the full range of light work, with no mention of how her severe nonexertional impairments might affect her ability to work. R. at 15.

about the [claimant's] vocational factors and [RFC] is not the same as the corresponding criterion of a rule," an ALJ may not conclusively apply the Medical-Vocational Guidelines (the "grids") to determine whether there are jobs the plaintiff can perform, but must instead "give full consideration to all relevant facts in accordance with the definitions and discussions under vocational considerations." 20 C.F.R. § 404.1569; *see also* 20 C.F.R. § 404.1569a(d) ("If your impairment(s) and related symptoms, such as pain, affect your ability to meet both the strength and demands of jobs other than the strength demands, we will not directly apply the rules in appendix 2 unless there is a rule that directs a conclusion that you are disabled based upon your strength limitations; otherwise the rules provide a framework to guide our decision.").

In light of the regulatory guidance, the Tenth Circuit has developed "a large body of circuit precedent precluding use of the grids unless the claimant's RFC precisely matches the RFC specified for the grid relied upon." *Allen v. Barnhart*, 357 F.3d 1140, 1143 (10th Cir. 2004); *see also Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988) (awarding fees in part because ALJ "improperly applied the medical-vocational guidelines to meet [the] burden of producing substantial evidence that the claimant had the [RFC] for light work"). However, the "mere presence of a nonexertional impairment does not preclude reliance on the grids." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). "The pain must interfere with the ability to work." *Id.*; *see also Talbot v. Heckler*, 814 F.2d 1456, 1465 (10th Cir. 1987) ("Admittedly, a nonexertional impairment can have a negligible effect on the range of jobs available. . . . The ALJ, however, must back such a finding of negligible effect with the evidence to substantiate

it."). A "severe impairment" is one that limits a claimant's "physical or mental ability to do basic work activities," such as pulling, reaching, carrying, handling, using judgment, and adjusting to changes in the workplace. 20 C.F.R. § 404.1521.

The Commissioner argues that the ALJ's position was substantially justified because the ALJ discussed all the relevant evidence in determining plaintiff's RFC and properly relied on the grids after having found that plaintiff's nonexertional impairments did not impede her ability to perform light work. Docket No. 39. The ALJ's decision does not reflect this reasoning. The ALJ did include some discussion of plaintiff's nonexertional limitations, reviewing medical help plaintiff had obtained to decrease her pain, but did not tie this discussion to his final RFC determination or to his determination at step 5 of the analysis. *Compare* R. at 16 *with* R. at 18-19. To the extent the ALJ's RFC determination and subsequent use of the grids was intended to take into account plaintiff's nonexertional limitations, the ALJ did not "back such a finding of negligible effect with the evidence to substantiate it." *See Talbot*, 814 F.2d at 1465.

Specifically, the ALJ recognized that plaintiff had severe impairments–that is, impairments limiting her ability to perform basic work functions–but then failed to include those in her RFC or to explain why they were excluded. *Compare* R. at 14 *with* R. at 15-18. For example, the ALJ did not discuss how plaintiff's arthritis and carpal tunnel syndrome would affect her capacity for handling. *Id.*; *see also* 20 C.F.R. § 404.1521(b)(1). Likewise, the ALJ did not address how plaintiff's fibromyalgia and complaints of pain would affect her basic physical and mental abilities. *See* 20 C.F.R. § 404.1521(b)(3), (4), (6). Instead, the ALJ simply asserted that the "above records do

4

not support the severity of impairment alleged by the claimant." R. at 16. Given the ALJ's finding that plaintiff suffered from severe nonexertional impairments, the subsequent disregard of those impairments without a reasoned explanation was not substantially justified. *See Allen*, 357 F.3d at 1143; *Saiz v. Barnhart*, 392 F.3d 397, 400 (10th Cir. 2004) ("This court has, on occasions too numerous to require citation, reversed determinations of non-disability for lack of the requisite match between RFC and grid conditions.").

Plaintiff requests an award of $7,356.74 in attorney's fees accrued through the litigation of the instant motion, constituting 37.3 hours of work at a rate of $177.62 per hour and 4 hours of work at a rate of $182.88 per hour. Docket No. 38 at 2, ¶ 7; Docket No. 38-4 at 3; Docket No. 40 at 3. The Commissioner does not dispute the amount requested. *See* Docket No. 39.

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court finds that the hours claimed are reasonable. In addition, the Court notes that Mr. Radosevich undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $7,356.74 is reasonable.

Accordingly, it is

**ORDERED** that Plaintiff's Petition for Fees Under 28 U.S.C. § 2412 [Docket No. 38] is GRANTED. It is further

**ORDERED** that plaintiff Edna Cordova is awarded $7,356.74 in attorney's fees.

DATED August 1, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge